UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED LABORATORIES INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VALENTUS, INC., et al.,<br><br>Defendants. | Case No. 17-mc-80096-MEJ<br><br>**ORDER RE: SUBPOENA**<br><br>Re: Dkt. No. 1 |

## INTRODUCTION

Pending before the Court is Defendant and Counter-Claimant Valentus, Inc.'s Supplemental Application to order third party Steven Michelucci to fully comply with the Court's August 9, 2017 Order, and to show cause why Michelucci should not be held in contempt if he fails to do so. *See* Suppl. Appl., Dkt. No. 8; *see* August 9, 2017 Order, Dkt. No. 7. Mr. Michelucci did not oppose the Application. *See* Dkt. The Court finds the matter suitable for disposition without oral argument and VACATES the December 21, 2017 hearing on the Application. *See* Fed. R. Civ. P. 78(b); N.D. Civ. L.R. 7-1(b). For the reasons set forth below, the Court **GRANTS** the Supplemental Application.

## BACKGROUND

**A.  Valentus Subpoena**

Valentus subpoenaed Mr. Michelucci in connection with *Advanced Laboratories International, LLC v. Valentus International*, Case No. 17-141, an action pending in the Eastern District of California. *See* First Appl., Dkt. No. 1. Valentus' subpoena to Mr. Michelucci pertains to Valentus' counterclaims in the Eastern District action:

> Valentus markets and sells a coffee product referred to as SlimRoast

through a network of distributors. Valentus alleges that its former manufacturer, Plaintiff Advanced Laboratories International, LLC ("Advanced Labs"), manufactured large quantities of excess SlimRoast without authorization and sold it at drastically reduced prices both abroad and in the U.S. Valentus further contends that Advanced Labs and its owner, Louis Volpe, began manufacturing a competing product, falsely claimed the product was identical to the original Slim Roast, and sought to induce Valentus' distributors to leave Valentus and join their new competing company, Vitae Global, LLC ("Vitae Global").

Valentus alleges that Mr. Michelucci played a critical role in these activities, as he (i) sold "large quantities" of SlimRoast at massively discounted prices, (ii) has admitted that he received hundreds of boxes of SlimRoast from Mr. Volpe, and (iii) has solicited at least one of Valentus' prominent distributors to leave the company and join Vitae Global. Valentus contends other individuals, including Jane Gallenero Lee, have also played a significant role in these activities.

First Appl. at 1, Dkt. No. 1; *id.* at L.R. 37-2 Statement. The subpoena specifically requests any communications with Louis Volpe, Vitae Global, Lean Java Bean, Jane Lee, Angie Foreman, Jayr Viens Datu, Dave Jordan, as well as documents relating to the source and quantity of SlimRoast obtained and sold, and documents relating to specific emails Michelucci sent on March 1 and 3, 2017. *See id.* at L.R. 37-2 Statement.

**B.     Prior Order**

The Court incorporates by reference as though fully set forth herein the findings and conclusions of its August 9, 2017 Order. In relevant part, the undersigned ordered Mr. Michelucci to:

> 1.      File, and serve all parties with, a sworn declaration describing in detail the steps he took to locate documents responsive to Valentus' subpoena, including the date(s) of each search performed, the locations searched (e.g., home, office), the devices searched (e.g., phone, home computer, office computer), the types of files searched (e.g., email, Word, Skype logs, text messages, Facebook messages), and the methods used to perform the searches (e.g., search terms used).
>
> 2.      Produce any documents that are responsive to Valentus' subpoena.
>
> 3.      Explain in his sworn declaration that his search(es) produced no responsive documents or that responsive documents are no longer available. If responsive documents existed but are no longer available, Mr. Michelucci shall describe with specificity what documents he contends were responsive but are no longer available, when the documents were destroyed or lost, by whom, and why.

> Mr. Michelucci also shall describe any efforts he made to preserve responsive documents after receiving the subpoena, and any efforts he made to recover responsive documents that were rendered unavailable after that time.

August 9, 2017 Order at 2.

The undersigned also invited Valentus to seek further relief "if Mr. Michelucci does not file the declaration required by this Order, if Valentus contends the search for responsive information was inadequate, and/or if Valentus contends Mr. Michelucci's failure to preserve responsive information amounts to spoliation." *Id.*

## C. Mr. Michelucci's Response

Mr. Michelucci responded to the August 9, 2017 Order on September 8, 2017. *See* Suppl. Campbell Decl., Ex. 1, Dkt. No. 8-2. He stated, under penalty of perjury:

> I have never held any documents relating to a conversation with either [Louis Volpe or Jane Lee], nor do I have knowledge of the existence of any documents where Louis Volpe or Jane Lee and I had a conversation. Furthermore, I have no documents pertaining to coffee samples or the sale of coffee samples. . . . I do not own a computer. My iPhone was submerged under water and I lost everything due to not backing up my information. However, there were no documents, messages, emails, texts or faxes to either Jane Lee or Louis Volpe that I have knowledge of.

*Id.*

Mr. Campbell, counsel for Valentus, attempted to meet and confer regarding deficiencies in Mr. Michelucci's response. *See id.*, Ex. 2 at ECF p.3. On October 5, 2017, Mr. Michelucci accused Mr. Campbell of harassing him: "I told you that I don't have any documents period! . . . I didn't search for what I never had. . . ." *Id.* at ECF p.1; *see also id.* at ECF p.2 (email from Campbell to Michelucci, confirming phone conversation in which Michelucci stated he was not going to conduct any document searches and will not do anything further to comply with Court order). Mr. Michelucci communicated with Mr. Campbell via email, using a gmail address.

Mr. Campbell also deposed Louis Volpe's wife, who testified that records demonstrated thousands of boxes of SlimRoast were shipped to Mr. Michelucci's storage facility, and Advanced Labs subsequently conceded it had shipped a pallet of boxes to Mr. Michelucci. *See id.*, Exs. 5-6. On November 6, 2017, Advanced Labs produced email communications between Louis Volpe and Mr. Michelucci that Valentus contends are directly responsive to the subpoena. *Id.* ¶ 8 & Ex. 7.

3

United States District Court
Northern District of California

The emails are designated as attorneys' eyes only, but Mr. Campbell declares certain emails between Volpe and Michelucci are directly responsive, and some related to the subpoena itself. *Id.* ¶ 8. Mr. Campbell declares that some of the emails were sent through the same gmail account Mr. Michelucci used to communicate with him in this action. *Id.*

## DISCUSSION

Mr. Michelucci declares he does not own a computer and his iPhone was apparently destroyed; he also asserts he has "never held any documents" relating to conversations with Volpe or Lee, and has no documents pertaining to coffee samples. *See supra*. However, Valentus has demonstrated that Mr. Michelucci uses email despite his lack of computer and iPhone. Mr. Michelucci declared on September 5, 2017 that his "iPhone was submerged under water and [he] lost everything due to not backing up [his] information." Campbell Decl., Ex. 1. But just four days earlier, on September 1, 2017, Mr. Michelucci sent an email to Mr. Campbell that was "[s]ent from my iPhone." *Id.*, Ex. 2 at ECF p.6. And he also used his iPhone to send another email to Campbell on October 5, 2017. *Id.* at ECF pp. 1-2.

Valentus has also demonstrated that Mr. Michelucci has used email to communicate with Mr. Volpe about matters responsive to the subpoena; has discussed Slimroast coffee, Valentus, Louis Volpe, and Dave Jordan using social media, including one instance when he advertises having Slimroast for sale for less than half of the retail price, and another where he appears to be attempting to recruit a current Valentus distributor and telling her "you will kill it with Louis' new coffee!"; "maintain[ed] three websites stating my commitment and loyalty to Valentus"; has received shipments of coffee samples from Advanced Labs, which would entail some form of communications and/or payments; marketed the weight he lost using Slimroast coffee on his Facebook page; and admitted to selling Slimroast at a discounted price on eBay. *See supra*; *see also* First Campbell Decl. at ECF pp. 38-41, 44-46, Dkt. No. 3. Most of these documents are responsive to the subpoena, and they also demonstrate Mr. Michelucci used a number of electronic platforms to communicate about his business ventures. Yet, Mr. Michelucci has declined to search for any responsive documents because he contends they never existed. Mr. Michelucci has not complied with his discovery obligations.

The Court accordingly **GRANTS** Valentus' Supplemental Application. Valentus shall serve this Order on Mr. Michelucci by mail and email, and file proof thereof.

**Mr. Michelucci shall search for responsive documents that are stored locally on any device of which he has custody or control, whether or not he owns the particular computer on which they are stored. In addition, he shall search for responsive electronic communications stored on accounts within his control, including but not limited to email communications, text messages, instant messages, eBay or Amazon accounts, social media accounts, bank accounts, and/or shipping accounts. The fact such files are hosted on servers owned by others rather than stored on Mr. Michelucci's personal devices does not excuse him from searching for them. He shall produce any responsive documents within 30 days of service of this Order.**

Within 30 days of service, Mr. Michelucci also shall file and serve a supplemental declaration in which he explains:

(1) The circumstances resulting in the alleged damage to his iPhone and the date(s) thereof, whether and when a new phone was obtained, the current location of the damaged phone, and a list of all the email/IM/social media/banking applications loaded onto his current phone;

(2) The devices by which Mr. Michelucci currently uses to communicate electronically (e.g., if he uses a library computer to access his michelucci1@gmail.com account, or if he uses another personal device);

(3) Describe in detail the steps he took to locate documents responsive to Valentus' subpoena, including the date(s) of each search performed, the locations searched (e.g., home, office), the devices searched (e.g., phone, home computer, office computer), the types of files searched (e.g., email, Word, Skype logs, text messages, Facebook messages), and the methods used to perform the searches (e.g., each search term used);

(4) If applicable, explain that his search(es) produced no responsive documents or that responsive documents are no longer available. If responsive documents existed but are no longer available, Mr. Michelucci shall describe with specificity what documents he contends were responsive but are no longer available, when the documents were destroyed or lost, by whom, and

why; and,

(5) Mr. Michelucci also shall describe any efforts he made to preserve responsive documents after receiving the subpoena, and any efforts he made to recover responsive documents that were rendered unavailable after that time.

Any failure to comply with this Court's Order may result in sanctions, and the Court may order Mr. Michelucci to pay the reasonable attorneys' fees Valentus incurred in enforcing its subpoena. If Mr. Michelucci continues to fail to conduct a good faith search for responsive documents and/or fails to comply with this Order, Valentus may seek an order to show cause why Mr. Michelucci should not be held in contempt.

**IT IS SO ORDERED.**

Dated: December 8, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge